**BABCOCK v. WOODS et al.**

No. 4669–50.

United States District Court for the District of Columbia.

Nov. 6, 1950.

Herbert H. Bent, of Los Angeles, Cal., and Gordon L. Eakle, of Washington, D. C., for plaintiff.

Benjamin Freidson, Special Litigation Attorney of the Office of the Housing Expediter, Washington, D. C., for defendant Tighe E. Woods.

Charles S. Rhyne, of Washington, D. C., for intervenor City of Los Angeles.

George Solomon, of Washington, D. C., amicus curiæ.

HOLTZOFF, District Judge.

This is a motion to dismiss the complaint in an action brought by a property owner of Los Angeles and in which the City of Los Angeles has intervened as a party plaintiff, to require the Housing Expediter to terminate rent controls in the City and County of Los Angeles in the State of California.

Section 204, subsection (j) (3) of the Housing and Rent Act of 1947, U.S.C.A., Title 50 Appendix, § 1894(j) (3), reads in part as follows: "The Housing Expediter shall terminate the provisions of this title in any incorporated city, town or village upon receipt of a resolution of its governing body adopted for that purpose in accordance with applicable local law and based upon a finding by such governing body reached as the result of a public hearing held after 10 days' notice, that there no longer exists such a shortage in rental housing accommodations as to require rent control in such city, town or village:' * * *."

It appears from the complaint, as well as by a stipulation of facts filed in connection with this motion, that the governing body of the City of Los Angeles, the City Council, held a public hearing after ten days' notice, at which evidence was taken on the question whether rent control should be terminated; that the City Council made the finding referred to in the statute and that it passed a resolution in accordance therewith.

It is claimed, however, that mere compliance with the prerequisites of the statute are not conclusive upon the Expediter, but that he has a right to go behind the findings and the resolution and determine whether the findings are justified by the evidence introduced at the hearing. In this case the Expediter apparently declined to act on the basis of the resolution, because he found that the evidence did not justify the conclusions reached.

In examining the statute it must be noted that it is provided that the Housing Expediter "shall" terminate rent controls, not "may" terminate rent controls, if certain prerequisites are complied with. To be sure, there are occasions on which the word "shall" is construed to mean "may", but there must be a showing why such a construction should be reached. It is the exception rather than the rule. The Expediter, no doubt, has a right to determine whether there has been a public hearing, whether ten days' notice was given, whether a resolution was passed and appropriate findings made, but it seeems to the Court that he may not go behind the resolution if the formal steps have been complied with. He may not review the evidence introduced before the City Council or other governing body.

The statute is clear and it hardly seems necessary to have recourse to extrinsic aids to construction which would be helpful if the statute were ambiguous.

It is significant, however, that the Report of the Committee on Banking and Currency of the House of Representatives on this legislation (House Report No. 2116, 81st Congress, 2d Session) expressly stated: "* * * the action of the local governing body in the matter would be final and not subject to review, approval, or change by any other authority."

Previously, and in the same paragraph the report contains the following significant language: "The Office of the Housing Expediter is directed to remove rent control from any area where the demand

for rental housing appears to have been reasonably met."

■ Whether the demand for rental housing appears to have been reasonably met is to be determined, according to the statute, by a resolution of the governing body.

■ It is also urged that the resolution was not adopted in accordance with applicable local law, in that the requirements of the local law relating to the passage of ordinances were not fulfilled. This resolution, however, is not to be dealt with or considered as a city ordinance, and therefore the requirements applicable to city ordinances do not govern the resolution contemplated by this Act.

In view of these considerations the motion to dismiss the complaint is denied.